Reads, J.
 

 There is a well defined distinction between a common injunction to stay a judgment at law, where the rights of the parties have been passed upon, and a special' injunction, where the right is an open question.
 

 The distinction is so clearly established in the cases of
 
 Key
 
 v.
 
 Dobson, ante
 
 170,
 
 Peeler
 
 v.
 
 Barringer,
 
 Win. Eq. 5,
 
 Capeheart
 
 v.
 
 Mhoon,
 
 Bus. Eq. 30, and
 
 Heath v. Lloyd, ib.
 
 39, that it is not necessary to elaborate it here.
 

 Whether the storehouse and lot, which is in dispute, is the property ©f the mercantile partnership of Moore & Williams, or is the individual property of the partners, is the question in this case. If it is the property of the partnership, then very clearly it is primarily liable for the debts of the copartnership, and the defendant would have no right to sell the interest of his intestate Moore to pay his individual debts, until all the partnership debts are paid.
 

 How the fact is cannot be determined with certainty until
 
 *213
 
 the final hearing. At this stage of the proceeding we can act only upon the probabilities, as collected from the bill answer and exhibits. If from these it appears to be probable that the house and lot is partnership property, that the partnership is in debt, that the defendant is about to sell the property to pay the individual debt of his intestate, and that the estate of his intestate is insolvent, then the injury to the plaintiff would be irreparable, and the injunction ought to-be continued until the hearing.
 

 1. Is it partnership property ? It was the individual property of the plaintiff Williams. He sold an undivided moiety to Moore. For what purpose was the sale made ? The plaintiff says it was made upon agreement with Moore that they were to form a mercantile partnership, and do business in that house, and the house and lot was to be partnership property. They did form a mercantile partnership, and did do businessin that house; and the partnership paid the plaintiff for Moore’s half of the house and lot, and the repairs of the house were paid for by the partnership, and charged on the boohs to “ Eeal estate.” Now what does that mean ? Evidently that it was the real estate of the partnership, just as a charge of “ Merchandise to sundries ” means the merchandise of the partnership, or a charge of “ Merchandise to cash ’* means the cash belonging to the partnership; so the charge of “Eeal estate to sundries ” means the real estate of the partnership. At any rate it appears that the partnership paid the plaintiff for Moore’s half of the house and lot, and paid also for the repairs.
 

 The answer does nothing to break the force of these facts. It does not show for what Moore bought a moiety of the house and lot, if not for the purpose alleged. It could not have been merely for an investment, for he had no money to invest, but bought on a credit; and the answer sets forth a receipt for taxes, in which it is called the “ storehouse and lot of Moore & Williams.” Nor does the answer allege any
 
 *214
 
 reason why the plaintiff sold, unless for the purpose alleged. It was not to raise money, for he sold on a credit. It was not because the lot was larger than he wanted, for he did not sell off a part but an undivided moiety of the whole. 'From these considerations, it seems that the house and lot must have been partnership property.
 

 2. It is not denied that the partnership is in debt.
 

 3. It is admitted that the defendant is attempting to sell the house and lot.
 

 4. It is not denied that the estate of the defendant’s ‘intestate is insolvent, the statement in the answer being “ that the estate of his intestate is largely in debt, and that the personal property is greatly insufficient to meet the indebtedness,” &c.
 

 A sale of the house and lot by the defendant under these •circumstances would necessarily involve the plaintiff in litigation with the purchaser; and if upon the hearing it should appear certainly, as it does now probably, that the house and lot is the property of the partnership, the injury to the plaintiff would be irreparable. We think, therefore, the injunction ought to be continued until the hearing.
 

 There is error in the interlocutory order appealed from. This will be certified.
 

 Per Curiam.
 

 Ordered accordingly.